*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2016-329

MARCH TERM, 2017

| | | |
|---|---|---|
| In re Appeal of Debra Waite | } | APPEALED FROM: |
| | } | |
| | } | Human Services Board |
| | } | |
| | } | |
| | } | DOCKET NO. L-03/16-354 |

In the above-entitled cause, the Clerk will enter:

Petitioner appeals a Human Services Board order, which affirmed a decision by the Economic Services Division of the Department for Children and Families (DCF), to recoup part of a retroactive award of benefits granted to petitioner by the Social Security Administration (SSA) as reimbursement for benefits paid to her by DCF. Petitioner argues that the recoupment was in error because (1) the payment from the SSA was not a retroactive award, (2) the benefits she received from DCF were not eligible for reimbursement, and (3) some of the benefits she received were for housing that would not be fully reimbursable. We affirm.

This appeal involves the interplay between benefits granted by the state and those provided by the federal government. The State of Vermont provides "General Assistance," to individuals whose "emergency needs . . . cannot be met under any other assistance program." General Assistance Rule § 2600, Code of Vt. Rules 13 170 260 [hereinafter GA Rules]. This assistance is for both catastrophic and non-catastrophic needs. Households receiving other assistance, such as supplemental security income (SSI) through the SSA, are not eligible for non-catastrophic assistance. Id. § 2610. The rules state that an applicant, who has a pending application for SSI, "must sign a Recovery of General Assistance Agreement authorizing SSA to send the initial SSI/AABD payment to this department so the amount of GA received can be deducted." Id. § 2610(C). Federal regulations provide that if an applicant is found eligible for SSI, the benefit can be sent to the state as "repayment for interim assistance" provided to the applicant by the state. 20 C.F.R. § 416.1901.

On March 7, 2014, petitioner applied for SSI benefits. On March 31, 2014, petitioner signed an agreement with DCF titled "Authorization for Interim Assistance Reimbursement." The agreement stated that petitioner agreed SSA could send part of any retroactive award to DCF for benefits DCF paid to petitioner and that recoupment could be made back to the first day petitioner was found eligible for SSI benefits. From March 31, 2014 to March 2, 2016, DCF made fifty-one payments to petitioner, totaling $8162.43. An additional payment of $2 was made on March 4, 2014 prior to petitioner applying for SSI.

During the two years, petitioner was living in a tent and received money for non-housing expenses. She also received assistance for housing under the emergency cold-weather exception

program. Petitioner estimated that $4843 of the general assistance she received was for this type of housing.

On March 9, 2016, the SSA notified petitioner that she was eligible for SSI dating back to March 2014. Her total back award was $15,103.57 and her future monthly SSI benefits were set at $758.

The SSA also notified DCF of petitioner's eligibility and transferred $8164.43 to DCF as reimbursement for the general assistance paid to petitioner. Petitioner requested a fair hearing on the recoupment. Following a hearing, the Board found that, pursuant to the relevant regulations and the agreement signed by petitioner, DCF was authorized to recoup funds for GA paid to petitioner or on her behalf. The Board disallowed the $2 payment made prior to petitioner's application for SSI.

In reaching its decision, the Board rejected three arguments raised by petitioner. First, petitioner asserted that she did not receive a "retroactive" award within the meaning of the agreement. The Board concluded that the payment was indeed retroactive based on the SSA Program Operations Manual, which states that "Retroactive SSI benefits . . . are SSI benefits issued in any month after the calendar month for which they are paid." Social Sec. Admin., Program Operations Manual System (POMS), Retroactive Supplemental Security Income (SSI) & Retirement, Survivors & Disability (RSDI) Payments, § 01130.600(A)(1), http://policy.ssa.gov/poms.nsf/lnx/0501130600. The Board explained that retroactive in this context means a payment made for amounts due in a prior month. Second, petitioner argued that payments made for housing on her behalf were for a catastrophic need, not under the "cold-weather exception," and could not be recouped by DCF. The Board concluded that there was no exception in the agreement and the payment could be recouped. Finally, petitioner asserted that she should only be required to pay for thirty percent of any assistance paid on her behalf for temporary housing. The Board concluded that the thirty-percent contribution did not clearly apply to the emergency housing petitioner received and that petitioner was not prejudiced by requiring her to reimburse the amount to DCF.

Petitioner appeals the Board's order. On appeal, this Court will affirm the Board's findings unless clearly erroneous. Zingher v. Dep't of Aging & Disabilities, 163 Vt. 566, 572 (1995). In addition, this Court gives deference to determinations on legal issues that are within the Board's "area of expertise." Id.; see In re Diel, 158 Vt. 549, 551 (1992) ("An administrative agency's conclusions of law will be upheld on appeal if they are fairly and reasonably supported by findings of fact, and absent a clear showing to the contrary, any decisions it makes within its expertise are presumed correct, valid and reasonable." (quotation omitted)).

Petitioner reiterates the arguments made before the Board. Petitioner's first argument is that the agreement she signed with DCF allows it to recover "retroactive" benefits and that the payment she received from the SSA was not a retroactive benefit that fell within the parameters of her recovery agreement. Petitioner claims that retroactive means benefits received for a period prior to the date the application was filed. She bases her argument on information from a website that explains that some kinds of social security benefits may be available "retroactively," meaning for months prior to the filing of an application, but that SSI applicants can receive benefits only for periods after the application is filed. See Social Sec. Disability SSI Resource Center, What is Social Security Disability Back Pay?, http://www.ssdrc.com/disabilityquestions4-3.html.

The Board did not err in concluding that retroactive means for time periods prior to the current month and that petitioner received a retroactive payment that could be recouped by DCF. The agreement petitioner signed stated that if petitioner was found eligible for SSI benefits, the SSA Commissioner was authorized "to send to [DCF] my first retroactive payment of SSI benefits." GA benefits is an area within the Board's expertise and therefore this Court gives deference to the Board's determination of whether this payment was "retroactive." See Zingher, 163 Vt. at 572 (explaining that Board is entitled to deference in making determinations within its area of expertise). The Board's interpretation that retroactive as used within the agreement means, consistent with the SSA definition, payments for periods prior to the current date and not payments for a period prior to application is reasonable and rational. See Judicial Watch, Inc. v. State, 2005 VT 108, ¶ 10, 179 Vt. 214 ("Absent compelling indications of error, interpretations of administrative regulations or statutes by the agency responsible for their execution will be sustained on appeal." (quotation omitted)). Therefore, we conclude that the use of "retroactive" in the reimbursement form refers to payments made for a time period prior to the current calendar month and that the recoupment here fell within this definition.

Petitioner next argues that the Board erred in classifying the payments she received. She claims that housing payments made on her behalf were made for a catastrophic event and that no reimbursement is authorized for this kind of benefit. The Board found that the housing was under the cold-weather exception not for a catastrophic event and that in any event there was no exemption to reimbursement regardless of how the payments were classified.

The Board did not err in concluding that DCF was authorized to be reimbursed for funds paid on petitioner's behalf for housing, regardless of whether the assistance was for catastrophic or noncatastrophic needs. This interpretation is consistent with the agreement signed by petitioner and DCF, the GA rules, and the federal regulations. The agreement authorizes DCF to deduct from petitioner's "first retroactive SSI payment the sum of all state public assistance benefits DCF made to me or on behalf of me." The agreement's plain language covers all types of assistance and does not exempt money received for catastrophic needs. Further the GA Rules provide that GA is given "with the understanding that when a recipient subsequently acquires benefits or resources in any amount from . . . retroactive lump sum social security . . . the recipient shall be required to make reimbursement for the amount of aid furnished during the previous two years." GA Rules § 2610(C). Although this explanation is provided in the noncatastrophic portion of the GA Rules, it applies broadly to all "aid furnished" without exemption. Finally, the relevant federal regulations state that the SSA can send the state an SSI benefit "as repayment for interim assistance [the state] gave" the recipient while the SSI application was pending. 20 C.F.R. § 416.1901(a). "Interim assistance" is defined broadly as "assistance the State gives you, including payments made on your behalf to providers of good or services, to meet your basic needs." Id. § 416.1902. All of the assistance provided to petitioner was "interim assistance" and therefore could be recouped by the state.

Petitioner's final argument is related. She claims that recipients of temporary housing are only required to pay for thirty percent of their housing cost and therefore DCF should not be entitled to recoup the entire amount it paid for her housing. See GA Rules § 2652.4 (requiring households over certain income levels to contribute thirty percent toward cost of "temporary housing"). The Board found that the thirty-percent rule did not apply because petitioner did not receive temporary housing. The Board further concluded that in any event, the thirty-percent rule is meant to make sure that recipients have other income for basic needs at the time housing is

3

provided and that rationale does not now apply to petitioner, who does not need reserve funds to ensure that she can provide for needs in months past.

We need not reach the issue of whether the housing petitioner received should be categorized as "temporary housing" and therefore subject to the thirty-percent rule because we conclude that the under the plain language of the agreement and the implementing regulations DCF was entitled to reimbursement for the funds expended on petitioner's behalf regardless of how the housing was classified. As explained above, the agreement allows DCF to recoup sums for "all state public assistance benefits" and the federal regulations allow recoupment for all "interim assistance." There is no exemption or partial exemption to this authorization for reimbursement for particular types of benefits.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice